In the Matter of MONSOUR MEDICAL CENTER, formerly Monsour Hospital & Clinic, Inc., Debtor.

COMMITTEE OF UNSECURED CREDITORS, Plaintiff,

v.

MONSOUR MEDICAL CENTER, William Monsour, Howard Monsour, Roy Monsour, Robert Monsour & Eva Monsour, Defendants.

Bankruptcy No. 80–261.
Adv. No. 80–354.

United States Bankruptcy Court,
W. D. Pennsylvania.

Aug. 28, 1980.

David Lampl, Lampl, Sable & Makoroff, Pittsburgh, Pa., for the Committee.

James H. Joseph, Pittsburgh, Pa., for debtor–in–possession.

Bernhard Schaffler, Pittsburgh, Pa., for individual defendants.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

Presently before the Court are two motions filed by the individual defendants, William Monsour, Howard Monsour, Roy Monsour, Robert Monsour and Eva Monsour, and the debtor–in–possession, Monsour Medical Center, to dismiss the above–referenced adversary proceeding on the ground that the plaintiff, the Committee of Unsecured Creditors (Committee), lacks standing to bring the action. On May 14, 1980 the Court entered an order authorizing the Committee to initiate the instant litigation. Pursuant to that order, the Committee filed a complaint charging, *inter alia*, that the granting of a second mortgage by the debtor to the individual defendants in this case is a preference which may be avoided under section 547 of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 *et seq.* (the Code); and that the creation of the second mortgage is a fraudulent transfer as defined by section 548 of the Code. Since the Court expressly granted the Committee standing to initiate this adversary proceeding, the Court will treat the defendants' motions as motions to reconsider the order of May 14, 1980.

Upon reconsideration of the order of May 14, 1980, the Court concludes for the reasons set forth below that it may grant the Committee standing to bring this suit on behalf of the debtor–in–possession. The order granting the Committee's petition for leave to bring suit was proper under the circumstances and was in the best interest of justice. The Court, therefore, affirms its order of May 14, 1980.

On February 22, 1980, the Monsour Medical Center filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. Pursuant to section 1102 of the Code, 11 U.S.C. § 1102, the Court entered an order appointing the Committee as the representative of the unsecured creditors in the reorganization proceedings of the debtor. The Court granted the Committee's petition requesting the appointment of the law firm of Lampl, Sable & Makoroff as its counsel on April 18, 1980. On May 14, 1980 the Committee filed the complaint initiating the present litigation. The individual defendants and the debtor–in–possession filed motions to dismiss the instant proceeding on June 18, 1980 and June 20, 1980, respectively. The parties agreed to submit the motions to dismiss on briefs.

Monsour Medical Center argues that the Committee lacks standing because it is not a real party in interest as required by Bankruptcy Rule 717, which incorporates Rule 17 of the Federal Rules of Civil Procedure. The individual defendants contend that the Court lacks power to vest the Committee with standing, since the Bankruptcy Code does not expressly authorize the Creditors' Committee to maintain causes of action in lieu of the trustee or debtor–in–possession. They argue that the operative language of section 547 of the Code provides that only the trustee may sue to recover a preference:

(b) Except as provided in subsection (c) of this section the *trustee* may avoid any transfer of property of the debtor . .

11 U.S.C. § 547(b) (emphasis added). In addition, the defendants argue that section 548 of the Code grants the power of avoidance only to a trustee [or a debtor–in–possession pursuant to 11 U.S.C. § 1107(a)], citing subsection (a) of section 548, which states that "the *trustee* may avoid any transfer . . . or any obligation incurred . . ." 11 U.S.C. § 548(a) (emphasis added). The defendants support this contention by reference to section 1103(c) of the Code, 11 U.S.C. § 1103(c), which lists the following functions of a creditors' committee in a Chapter 11 case: (1) consultation with the trustee or debtor–in–possession concerning the administration of the case; (2) investigation of the acts, conduct, assets, liabilities and financial condition of the debtor, the operation of the debtor's business and any other matter relevant to the case or to the formulation of a plan; (3) participation in the formulation of the plan; (4) presentation to the court of a request for the appointment of a trustee or examiner; and (5) performance of such other services as are in the interest of those represented. The defendants maintain that the general language provided in subsection (5) is limited to achieving confirmation of a plan, and that consequently the Code does not vest a creditors' committee with the trustee's power to bring suit. They argue that subsection (4) adequately protects the rights of creditors since at a hearing for the appointment of a trustee, the debtor–in–possession would be required to explain why a cause of action was not pursued.

The defendants also contend that the Court's order was improper because notice of the presentment of the petition was not given to them. The defendants allege that their constitutional right of due process was violated because the Court divested the debtor–in–possession of a potential cause of action and "thrust a lawsuit upon five individual defendants which might reduce them to paupers." Individual Defendants' Brief at page 7.

The Committee argues, however, that the following language provided in section 1109 of the Code controls the case at bar:

(b) A party in interest, including the debtor, the trustee, a *creditors' committee*, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on *any issue* in a case under this chapter.

11 U.S.C. § 1109(b) (emphasis added). The Committee contends that section 1109(b) must be liberally interpreted in light of its underlying purposes of insuring fair representation in the case and preventing excessive control by insider groups. The Committee argues that the broad language found in section 1109(b) contemplates the initiation of an adversary proceeding by a creditors' committee.

### Discussion

■ This Court has broad plenary power over its interlocutory orders and may modify or vacate them when it is consonant with justice to do so. *Huk–A–Poo Sportswear, Inc. v. Little Lisa, Ltd.*, 74 F.R.D. 621 (S.D. N.Y.1977); 7 *Moore's Federal Practice* ¶ 60.20 (2d ed. 1979). Accordingly, it is within the Court's discretion whether to vacate the order of May 14, 1980 granting the Committee standing to bring this suit. In exercising its discretion the Court is not bound by the restrictions that apply to final orders pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Court here may afford "such relief . . . as justice requires." Advisory Committee Note to Fed.R.Civ.P. 60(b).

■ Express authority for a creditors' committee to bring suit to recover a preference is not found in the Bankruptcy Code. Under Chapter 11 of the old Bankruptcy Act, however, implied authority to sue was an important form of creditor protection in cases where a trustee (or debtor–in–possession) unjustifiably failed to bring suit, and where the Court granted the creditors' committee the right to sue on behalf of the trustee (or debtor–in–possession). 3 *Collier*

*on Bankruptcy*, 14th Edition, Part 2, ¶ 60.57 /2/ at 1095–1096 (suit may be brought by creditors to recover a preferential transfer); 4 *Collier on Bankruptcy*, 14th Edition, ¶ 67.48 /2/ at 683 (action by creditor may be brought where trustee unjustifiably refuses to exercise its section 67 avoidance power); 4 B *Collier on Bankruptcy*, 14th Edition, ¶ 70.92 /2/ at 1056–1057 (creditors may petition the court for leave to sue on behalf of the trustee or debtor–in–possession where section 70c avoidance power is not properly exercised). The Court holds that a creditors' committee's implied authority to sue to avoid a preference or fraudulent transfer continues under the Code. This form of creditor protection is particularly effective in cases where the creditors' allegation is limited to one specific abuse of discretion. In such cases the remedy of the appointment of a trustee, as discussed below, may be too harsh.

The Bankruptcy Code outlines a reorganization scheme which places the debtor–in–possession in the shoes of a trustee. Section 1107 of the Code, 11 U.S.C. § 1107, provides that the debtor is given the rights and powers of a trustee and is required to perform the trustee's functions and duties (except the investigative duty). The debtor–in–possession holds these powers "in trust for the benefit of the creditors". *In re Martin Custom Made Tires Corp.*, 108 F.2d 172, 173 (2d Cir. 1939). Pursuant to the Code's reorganization scheme, it is within the trustee's (or debtor–in–possession's) discretion to sue for the avoidance of a preference under section 547 of the Code or for the avoidance of a fraudulent transfer as defined by section 548 of the Code. Thus, primary responsibility to collect the assets of the estate is given to the trustee (or debtor–in–possession) in order "to avoid confusion and a multiplicity of actions, and to expeditiously settle bankrupt estates . . ." *Gochenour v. Cleveland Terminals Bldg. Co.*, 118 F.2d 89, 95 (6th Cir. 1941).

Significantly, decisions of the trustee or debtor–in–possession made in furtherance of its statutory duties are subject to judicial review for an abuse of discretion. The Code provides three disparate forms of possible relief to creditors in cases where a trustee or debtor–in–possession breaches its statutory duties. First, the creditors may petition the Court to compel the trustee or the debtor–in–possession to act. They may also petition the Court for leave to bring suit in the debtor's name and on behalf of all creditors. *See, e. g., Trimble v. Woodhead*, 102 U.S. 647, 26 L.Ed. 290 (1880); *Gochenour v. Cleveland Terminals Bldg. Co.*, 118 F.2d at 92–93; *Chatfield v. O'Dwyer*, 101 F. 797 (8th Cir. 1901); *Casey v. Baker*, 212 F. 247 (S.D.N.Y.1914). Secondly, as a more extreme form of relief, a creditor may move for the removal of a trustee "for cause" pursuant to section 324 of the Code; and for the appointment of a trustee in place of the debtor–in–possession "for cause, including fraud, dishonesty, incompetence or gross mismanagement of the affairs of the debtor by current management . . ." pursuant to section 1104(a)(1) of the Code. Thirdly, section 1112(b) of the Code provides for the conversion of a Chapter 11 case into a Chapter 7 case, or for the dismissal of a Chapter 11 case " . . . for cause, including–(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation; . . . [and] (3) unreasonable delay by the debtor that is prejudicial to creditors . . ." 11 U.S.C. § 1112(b).

The defendants erroneously contend that the express language of sections 547 and 548 of the Code, 11 U.S.C. §§ 547 & 548, precludes the important form of creditor protection granted by this order. Their argument that the statutory functions of a creditors' committee, which are outlined in section 1103(c) of the Code, 11 U.S.C. § 1103(c), limit creditor relief to a request for the appointment of a trustee, is unpersuasive. These provisions do not absolutely preclude a creditor's standing to initiate suit. They limit a creditor's right to petition the Court for standing to sue on behalf of the trustee or debtor–in–possession. Thus, a creditor may not bring suit on his own behalf to avoid a preference or fraudu-

lent transfer. The Code's statutory scheme of vesting the primary responsibility of such actions with the trustee or debtor–in–possession is thereby protected so that a multiplicity of piecemeal litigation will not prevent the equitable settlement of the debtor's estate.

Since the Court did not base its decision to permit the Committee to bring this suit on Section 1109 of the Code, which grants, *inter alia,* a creditors' committee the right to "raise and . . . appear and be heard on any issue in a case under this chapter," there is no need to decide whether section 1109, 11 U.S.C. § 1109, contemplates the initiation of an adversary proceeding by a creditors' committee.

■ The order granting the Committee standing to sue on behalf of the debtor–in–possession, Monsour Medical Center, was the most appropriate form of creditor protection under the circumstances. The Committee has charged the Monsour Medical Center with only one abuse of discretion, namely, the failure to challenge a second mortgage on real estate owned by the Center. Trial on this issue will adequately protect the rights of both parties. The individual defendants' contention that their right to due process was denied is completely without merit. The order did not divest the debtor–in–possession of a potential cause of action. The Committee was only authorized to bring suit on behalf of the debtor–in–possession. Moreover, as to their objection that the instant case was not filed in the name of the debtor–in–possession, this deficiency may be corrected pursuant to Rule 717 of the Bankruptcy Rules of Procedure, which incorporates Rule 17 of the Federal Rules of Civil Procedure. Rule 17 states in pertinent part:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objections for ratification of commencement of the within action by, or joinder, or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if

the action had been commenced in the name of the real party in interest.

It is clear that the action by the Committee was brought on behalf of the debtor's estate.

Based on the foregoing, the order granting the Committee standing to bring this suit is affirmed. It is hereby Ordered and Decreed that the Committee amend its complaint joining Monsour Medical Center.