In the Matter of JOYANNA HOLITOGS, INC., a/t/a Barrels, J. W. Factors and Put Togethers, Debtor.

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF JOYANNA HOLITOGS, INC., a/t/a Barrels, J. W. Factors and Put Togethers, Plaintiff,

v.

I. HYMAN CORP. and Al Schwartz, Defendants.

I. HYMAN CORP. and Al Schwartz, individually and as a shareholder of Joyanna Holitogs, Inc., a/t/a Barrels, J. W. Factors and Put Togethers, debtor, on behalf of himself and all other shareholders of the debtor similarly situated and in the right of the debtor. Defendants and Third-Party Plaintiffs,

v.

Sidney KAPLOWITZ, Neil Roth d/b/a Neil Roth Company, Steven Kaplowitz and Starlite by Stella, Inc., Third-Party Defendants.

Bankruptcy No. 80–B–10017.
Adv. No. 81–5342.

United States Bankruptcy Court,
S. D. New York.

June 29, 1982.

Otterbourg, Steindler, Houston & Rosen, P. C., New York City, for the Creditors' Committee; Francis R. Jones and Harvey Cavayero, New York City, of counsel.

Ressler & Taub, New York City, for I. Hyman Corp. et al.; Howard Ressler, New York City, of counsel.

Noel Kaplan, New York City, for third party defendants, Sidney Kaplowitz, Stephen Kaplowitz and Starlight by Stella.

Arutt, Nachamie & Benjamin, New York City, for third party defendant, Neal Roth; Elias Schwartz, New York City, of counsel.

ROY BABITT, Bankruptcy Judge:

Following the filing by Joyanna Holitogs, Inc., a/t/a Barrels, J. W. Factors and Put Togethers ("debtor") of a voluntary petition for the relief given by Chapter 11 of the 1978 Bankruptcy Code, 11 U.S.C. §§ 301, 1101 *et seq.* (1976 ed. Supp. IV),[1] the official Committee of Unsecured Creditors ("Creditors' Committee") was appointed by the United States Trustee pursuant to 11 U.S.C. § 1102(a)(1), read with 11 U.S.C. § 151102(a), applicable in this, a United States Trustee pilot district. 11 U.S.C. § 1501(2).

The Creditors' Committee filed a complaint thus starting an adversary proceeding pursuant to the commands of Part VII of the 1973 Bankruptcy Rules, 411 U.S. 1068, 93 S.Ct. 3147 *et seq.*, 37 L.Ed.2d lxvi particularly Rules 701 and 703. The complaint sought to recover funds allegedly transferred to the defendants, I. Hyman Corp. ("Hyman") and Al Schwartz ("Schwartz"), by the debtor, amounting to approximately $114,000. These payments were alleged to be preferential transfers denounced by Section 547(b) of the Code.[2]

Defendants Hyman and Schwartz then filed their verified third-party complaint

---

1. Further reference to sections of the 1978 Code will omit the identically numbered section in Title 11, United States Code.

2. The action to void a transfer of the debtor's property constituting a preference belongs to a bankruptcy trustee, and by the force of Section 1107, to the Chapter 11 debtor in possession. The Chapter 11 debtor is a debtor in possession under Section 1101(1) where, as here, there is no trustee. See Section 1104(a) for the procedure for the appointment of a Chapter 11 trustee.

("third party complaint"), citing Sidney Kaplowitz, Steven Kaplowitz, Neil Roth, and Starlite by Stella, Inc. as third-party defendants.

This third-party complaint carries a Count II which asserts a claim by defendant and third-party plaintiff Schwartz against the third-party defendants (except Neil Roth), alleging waste and diversion of the debtor's corporate opportunities.

The third-party defendants denied generally the charges made in the complaint and raised various affirmative defenses under Rule 14 of the Federal Rules of Civil Procedure challenging the validity of the claims set forth in Counts II and III of the third-party complaint.

There are three motions presently before the court; one made by the third-party defendants, Steven Kaplowitz, Sidney Kaplowitz and Starlite by Stella, Inc.; another, by the Creditors' Committee; and the last by third-party defendant Neil Roth.

The first motion is to dismiss Counts II and III of the third-party complaint on the ground that the third-party plaintiffs, by filing their complaint, have misused Rule 14 of the Federal Rules of Civil Procedure (F.R.Civ.P.), applicable in bankruptcy adversary proceedings by the force of Rule 714, 411 U.S. 1075.

The motion by Neil Roth seeks dismissal of Count III of the third-party complaint upon the same ground, *i.e.*, improper impleader under F.R.Civ.P. 14.

The Creditors' Committee's cross-motion seeks leave to amend its complaint in its adversary proceeding in order to raise a new cause of action, one similar to that alleged in Count II of the third-party complaint—*i.e.*, diversion of corporate opportunities and waste of corporate assets by the third-party defendants, Steven and Sidney Kaplowitz, and Starlite by Stella, Inc.

Prior to the consideration of the vitality of these motions and the affirmative defenses raised in several pleadings, all of which can be treated without the necessity for the curtain to rise on a trial requiring evidence, the court must consider the threshold question of the Creditors' Committee's standing to institute an adversary proceeding which belongs to a trustee or debtor in possession. Authority for a creditors' committee to bring a suit to recover a transfer voidable as a preference is not found in the Code. Nor was it found in the now-repealed 1898 Act. Indeed, as seen, such actions were created by Congress for a trustee (or a debtor in possession) in order to maximize the recovery by creditors from the assets of the estate. But, it must surely be well known that Chapter 11 debtors seeking to reorganize and thereby reenter the commercial world are understandably loath to sue those whose support they need post-reorganization. The court here refers to suppliers, servicepeople, lenders and the like and not to a debtor's insiders who have been treated too generously by a debtor on the eve of its bankruptcy petition.

This point was explained in *Matter of Monsour Medical Center*, 2 C.B.C.2d 1363, 5 B.R. 715, 6 BCD 886 (Bkrtcy.W.D.Penn. 1980), which held that a creditors' committee could sue to avoid a preference or fraudulent transfer. Support was found under Chapter XI of the 1898 Bankruptcy Act for the:

"... implied authority to sue was an important form of creditor protection in cases where a trustee (or debtor in possession) unjustifiably failed to bring suit, and where the court granted the creditors' committee the right to sue on behalf of the trustee (or debtor in possession)".

*Id.*, at 1366, 5 B.R. 717, 6 BCD 888. See, 3/Part 2 *Collier on Bankruptcy* (14th ed.) ¶ 60.57[2]; 4 *Collier on Bankruptcy* (14th ed.) ¶ 70.92[2].

Notwithstanding the absence in the Code of a plainly expressed grant giving a creditors' committee the standing said to have been implied in the 1898 Act, this court assumes that Congress did not intend to deny a debtor's creditors the opportunity to vindicate his and their rights for it could have said so clearly were it otherwise. Indeed, Section 1109(b) provides a strong foundation upon which such a principle should be built. That section provides in pertinent part .that:

"a party in interest, including the debtor, the trustee, a *creditors' committee*, an equity security holder or any indenture trustee, *may raise* and may appear and be heard on any issue in a case under this chapter". (emphasis added)

■ Section 1109(b) continues the broad concept, carried over from the 1898 Act, of the broad right to be heard in order to insure that the dark corners of commerce are illuminated. A general right to be heard would be an empty grant unless those who have such right are also given the right to do something where those who should will not. In short, the right to be heard given the creditors' committee, 5 *Collier on Bankruptcy* (15th ed.) ¶ 1109.02[3], includes the right to sue where a trustee or debtor in possession will not. To hold otherwise would frustrate Congress' decades-old effort to limit a debtor's generosity with its assets. However, that standing to sue means that the committee is plaintiff on behalf of the debtor and in the debtor's name.

And so the court turns to the motions previously referred to.

### I. MOTION BY COMMITTEE TO AMEND ITS COMPLAINT

The creditors' committee wishes to amend its complaint to include a cause of action based upon alleged diversion of the debtor's opportunities and waste of its assets. Its motion is granted.

■ Rule 15(a), F.R.Civ.P., applicable in modified form in adversary proceedings, 411 U.S. 1076, 93 S.Ct. 3152, 37 L.Ed.2d lxix, insists that leave to amend is to be freely given when justice so requires. If the underlying facts or circumstances relied upon by a plaintiff may be sufficient to grant relief, he ought to be afforded an opportunity to test his claim on the merits if this can be accomplished without any prejudice being suffered by the defendant. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Clay v. Martin*, 509 F.2d 109 (2d Cir. 1975); *Glazer Steel Corp. v. Yawata Iron & Steel Co., Ltd.*, D.C., 56 F.R.D. 75 (S.D.N.Y.1972), 3 *Moore's Federal Practice*, ¶ 15.08[4] (2d ed.).

Third-party defendants, Sidney and Steven Kaplowitz and Starlite by Stella, Inc., resist this motion to amend on the grounds that although the cause of action sought to be added by the Committee is based upon loss of corporate assets and opportunities,— in fact, because of the liquidation of assets, there were neither corporate opportunities nor assets to divert or waste. They come to this conclusion because of this court's order approving the purchase by third-party defendant, Starlite by Stella, Inc. of the contents of the debtor's showroom at 112 West 34th Street, New York City, as well as the assumption by Starlite by Stella, Inc. of the use, occupation and rent charges attributable to those said premises.

However, after entry of that order, and as disclosed by the September 17, 1981 deposition of Steven Kaplowitz, the interconnections among the officers and employees of the debtor and Starlite by Stella, Inc. bordered on the incestuous. Thus, *e.g.*, third-party defendant Steven Kaplowitz was at the time of the debtor's Chapter 11 petition a shareholder and officer of the debtor [deposition of Steven Kaplowitz September 17, 1981, ("Deposition") p. 71]. Three to four months later he became an officer, a shareholder and a director of Starlite, Inc. (Deposition, pp. 9–10). In addition, Starlite by Stells, Inc. maintains its principal place of business in the same quarters as were occupied by the debtor as its principal place of business prior to the Chapter 11 filing. (Deposition p. 33).

■ These facts, without more, suggest that a cause of action based upon diversion of corporate opportunities and waste of corporate assets might be a proper subject of relief and, therefore, an asset properly part of the debtor's estate. It follows, as seen, that the creditors' committee may pursue it.

### II. MOTION TO DISMISS COUNT II OF THE THIRD–PARTY COMPLAINT

The leave just granted to the Committee, as plaintiff, to amend its complaint, renders

moot the motion by third-party defendants, Steven and Sidney Kaplowitz and Starlite by Stella, Inc. to dismiss Count II of the third-party complaint. The allegations and the claim set forth in the amended complaint and Count II of the third-party complaint are almost identical. Both are based upon the corporate activities of the debtor, its officers, directors and shareholders (specifically, Steven and Sidney Kaplowitz) and Starlite by Stella, Inc. The wrongdoings which both claims seek to redress involve the diversion of corporate opportunities and waste of corporate assets. Therefore, the court's decision that the Committee's complaint be amended and that the issues be tried obviates the need to review the arguments going to the merits of the second count of the third-party complaint.

## III. MOTION TO DISMISS COUNT III OF THE THIRD–PARTY COMPLAINT

Count III of the third-party complaint sets forth a claim on behalf of defendant and third-party plaintiff, Schwartz, against third-party defendants, Sidney Kaplowitz and Neil Roth. Schwartz alleges that Kaplowitz and Roth fraudulently induced him to acquire a stock interest in the debtor by intentionally submitting false financial information relating to the operation of the debtor upon which he relied.

The remaining motion (including that of Neil Roth, Steven and Sidney Kaplowitz and Starlite by Stella, Inc.) now before the court challenges the count of the third-party complaint just described because of improper impleading under Rule 14, F.R.Civ.P. and its analogue, Bankruptcy Rule 714.

Unlike the motion to dismiss Count II, the third-party plaintiff does not have the advantage of the allegation of a similar cause of action in the complaint or the amended complaint in the creditors' committee's adversary proceeding.

Rule 14(a), F.R.Civ.P., provides in pertinent part:

"At any time after the commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him . . .".

Impleader is proper only when the allegations of the third-party complaint necessarily depend upon the outcome of the main claim against the defendant third-party plaintiff. *Index Fund, Inc. v. Hagopian*, 417 F.Supp. 738 (S.D.N.Y.1976). In short, while Rule 14, F.R.Civ.P., should be construed liberally to achieve its purpose, "it is not a catchall for independent litigation". *United States Fidelity & Guaranty Co. v. Perkins*, 388 F.2d 771, 733 (10th Cir. 1968). *United States v. Joe Grasso & Sons*, 380 F.2d 749 (5th Cir. 1967), discusses impleader as follows, at 750–751:

"[A]n entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does rise out of the same general set of facts as the main claim.

The question whether a defendant's demand presents an appropriate occasion for the use of impleader or else constitutes a separate claim has been resolved consistently by permitting impleader and in cases where the third party's liability was in some way derivative of the outcome of the main claim. In most cases it has been held that for impleader to be available the third party defendant must be *'liable secondarily* to the original defendant in the event that the latter is held liable to the plaintiff.' Stating the same principle in different words, other authorities declare that the third party must necessarily be *liable over* to the defendant for all or part of the plaintiff's recovery, or that the defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant. Whichever expression is preferred, it is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim".

In accordance with this explanation, the court turns to Count III of the third-party complaint in order to test its sufficiency for purposes of impleader.

The allegations of this count relate to an alleged fraudulent inducement of the third-party plaintiff made by third-party defendants, Sidney Kaplowitz and Neil Roth, whereby the third-party plaintiff would purchase the debtor's stock. Drawing the inference most favorable to the third-party plaintiffs as to these allegations there remains no showing that Count III is somehow dependent on the outcome of the underlying amended complaint by the Creditors' Committee alleging separate causes of action belonging to the debtor—a voidable preference and waste of corporate assets, and a diversion of corporate opportunities.

Moreover, in the context of adversary proceedings in a bankruptcy case, Rule 714, 411 U.S. 1075, is drawn in much less hortatory terms than is F.R.Civ.P. 14. The controlling sentence of Rule 714 states that:

"Rule 14 of the Federal Rules of Civil Procedure applies in adversary proceedings except as the court otherwise directs".

This grant of discretion to render impleader less available in a bankruptcy dispute is in keeping with the limitations on a bankruptcy court's jurisdiction under the 1898 Act. See, *e.g., Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); *Harrison v. Chamberlain*, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897 (1926); *In re Prima Co.*, 98 F.2d 952, 959 (7th Cir. 1938), *cert. denied* 305 U.S. 658, 59 S.Ct. 357, 83 L.Ed. 4268 (1939). To be sure, the 1978 bankruptcy reform statute was determined to do away with the effusion of judicial time, energy and cost attendant upon the exercise of a bankruptcy court's jurisdiction under the 1898 Act. See Sen.Rep. 95–989, 95th Cong., 2d Sess. 17, 153 (1978); House Report 95–595, 95th Cong., 1st Sess. 43–51 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. And it did so in new 28 U.S.C. § 1471(b), the first of the twelve sections of a new Chapter 90 added to Title 28, United States Code, by Section 241 of the amendments to 28 U.S.C. carried in Title II of the 1978 statute.

But the grant of a power does not also imply that the power given must always be exercised. See new 28 U.S.C. § 1471(d) for the grant of a non-appealable power to abstain "in the interest of justice". Thus, even if the bankruptcy court had jurisdiction under the 1898 Act, it could deflect where appropriate. See, *e.g., Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940). And where a particular dispute was between third parties having little or no positive impact on the estate and its distribution to creditors, the bankruptcy court would wisely disavow its jurisdiction, save the assets from the charges for litigation having only tangential effect on the estate, and leave the disputants to another forum. See, *First State Bank & Trust Co. of Guthrie Oklahoma v. Sand Springs State Bank of Sand Springs*, 528 F.2d 350 (10th Cir. 1976).

Thus, the first sentence of Rule 714 had another purpose: to give the bankruptcy judge the discretion to deny impleader where the estate would incur costs out of proportion to what it might gain of benefit to the creditors.

■ It is this court's view that from this last vantage point, Rule 714 retains its vitality regardless of whether the court has been asked to abstain under new 28 U.S.C. § 1471(d). Accordingly, on the state of the pleadings here, the court is satisfied that although the third-party suit is facially within its jurisdiction as it arises out of the debtor's bankruptcy and is related to it, it should be disallowed under Rule 714 as an impleader of litigants whose dispute can have no impact on the estate or on this action by the creditors' committee to void certain transfers and to recover for injuries done to the debtor. The defendants-third-party plaintiffs are relegated to a non-bankruptcy forum in their suit against third-party defendants for their dispute is none of this court's business. Even less is it of concern to the debtor's creditors.

As the Creditors' Committee has standing to initiate an adversary proceeding to avoid alleged preferential transfers in the name of the reluctant debtor in possession, so, too, it may amend its complaint to allege a cause of action based upon diversion of

corporate opportunities and waste of corporate assets, for such cause of action is property under Section 541.

Accordingly, the motion to amend is granted. This renders moot the third-party defendants' motion to dismiss Count II of the third-party complaint. Therefore, said motion is denied.

Count III of the third-party complaint, alleging fraudulent inducement by use of false financial statements, makes improper use of impleader under Rule 714. Therefore, Count III of the third-party complaint should be dismissed. The motion to achieve this is granted.

Let an order be submitted in accordance with this decision. The order should include a time within which the amended complaint is to be filed and an answer thereto interposed.