**In re EVERGREEN VALLEY RESORT, INC., Debtor.**

**Bankruptcy No. 182–00225.**

United States Bankruptcy Court, D. Maine.

Jan. 25, 1983.

Richard E. Poulos, Portland, Me., for debtor.

Andrew A. Cadot, Perkins, Thompson, Hinckley & Keddy, Portland, Me., for Committee of Unsecured Creditors.

Gregory A. Tselikis, Bernstein, Shur, Sawyer and Nelson, Portland, Me., for Time Share Owners.

Harlan J. Choate, Augusta, Me., Small Business Administration.

Robert J. Keach, Verrill & Dana, Portland, Me., John B. Cole, Skelton, Taintor, Abbott & Orestis, Lewiston, Me., for Maine Guarantee Authority.

Peter W. Greenleaf, Portland, Me., U.S. Trustee.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

On December 28, 1982, the Creditors' Committee filed an application for leave to commence an action on behalf of this chapter 11 debtor against Aldrich Realty Company and Rupert Aldrich. Rupert Aldrich is the sole stockholder of the debtor. The same attorney represents the debtor and the proposed defendants in that action, and he concedes that debtor does not intend to commence such an action.

The proposed action involves determination of the debtor's rights in and to certain unsold time share units located at the Evergreen Valley Resort, as well as the priority, extent, amount and validity of claims

against the debtor's estate.[1] Counsel for the debtor disputes the allegations in the complaint, and contends that Aldrich Realty owns these units, but that pursuant to an informal agreement between the debtor and Aldrich Realty Company the proceeds of the sale of these units will be turned over to the estate in order to finance a plan of arrangement.[2] There appears to be no argument that a decision favorable to the debtor's estate would substantially increase the assets of the estate or that the time share units are necessary to a viable plan of arrangement.

■ Where a creditors' committee seeks court authorization to sue on behalf of the debtor's estate, the Court, pursuant to 11 U.S.C. § 1103(c)(5), may authorize such an adversary proceeding where the debtor-in-possession unjustifiably fails to bring suit or somehow abuses its discretion in performing its duties as representative of the bankrupt estate. *See In re Wesco Products Co.,* 22 B.R. 107, 109, 9 B.C.D. 400, 401 (Bkrtcy.N.D.Ill.1982); *see also In re Monsour Medical Center,* 5 B.R. 715, 718, 6 B.C.D. 886, 888 (Bkrtcy.W.D.Pa.1980); *cf. In re Segarra,* 14 B.R. 870, 878, 8 B.C.D. 339, 344, 5 C.B.C.2d 552, 562 (Bkrtcy.D. Puerto Rico 1981) ("Absent specific authority conferred by the court, the Creditors' Committee has no authority to sue on behalf of the debtor nor on behalf of the debtor's estate...."). In this case, the Court finds that the complaint states a colorable claim which may benefit the estate. In light of the debtor's stated refusal to bring suit, the fact that the debtor and the defendants are represented by the same counsel, and the fact that the estate has at best an informal, non-binding agreement with the defendants concerning the property in question, the Court concludes that the debtor has unjustifiably failed to commence the proposed action. The Creditors' Committee will therefore be authorized to bring suit in any court of competent jurisdiction.

Enter Order.

1. A copy of the proposed complaint is attached to the creditors' committee's application. It states, in part:
    This adversary proceeding seeks (a) the determination of whether certain advances made by Aldrich and/or [Aldrich Realty Co. (hereafter ARC)] to [Evergreen Valley Resorts, Inc. (hereafter EVR)] represent contributions to the capital of EVR or loans; (b) if such advances are loans, the determination of whether such loan claims of Aldrich and ARC against EVR are subject to equitable subordination pursuant to 11 U.S.C. § 510; and (c) the determination of the rights of EVR in certain real estate and the improvements thereon, being the unsold "time share" units in the Evergreen Valley Inn and certain related condominium Villas located at the Evergreen Valley Resort in Stoneham, Oxford County, Maine.
    Relief sought includes a declaration that EVR "is the owner of the remaining inventory of unsold time share assets ... free of any loan claim of Rupert Aldrich and Aldrich Realty Company."

2. On August 3, 1982, the debtor submitted a plan of arrangement to the court, but failed to file the required disclosure statement. *See* Rule 3005(e), Rules of the United States Bankruptcy Court for the District of Maine.