**In re CHEMICAL SEPARATIONS CORPORATION, Debtor.**

**CHEMICAL SEPARATIONS CORPORATION, Debtor in Possession By its Unsecured Creditors Committee, Plaintiff,**

**v.**

**FOSTER WHEELER CORPORATION, Defendant.**

**Bankruptcy No. 3–82–01569.
Adv. No. 3–83–0302.**

United States Bankruptcy Court, E.D. Tennessee.

Aug. 29, 1983.

Richard Stair, Jr., Knoxville, Tenn., for plaintiff Committee.

Hodges, Doughty & Carson, William F. Alley, Jr., Knoxville, Tenn., for defendant.

Farris, Warfield & Kanaday, Stephen W. Ramp, Nashville, Tenn., for amicus curiae, Third Nat. Bank of Nashville.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

CLIVE W. BARE, Bankruptcy Judge.

At issue is whether an appointed creditors' committee, 11 U.S.C.A. § 1102 (1979), has standing to pursue an action in the name and on behalf of a debtor in possession. The creditors' committee contends it has implied authority, pursuant to 11 U.S.C.A. §§ 1103(c)(5) and 1109(b) (1979), to commence claims on behalf of the debtor in possession. Defendant Foster Wheeler Corporation, the majority stockholder of the debtor in possession, insists that the creditors' committee is attempting to usurp rights reserved to the debtor in possession; that the creditors' committee lacks both authority and standing to pursue claims belonging to the debtor in possession; and that it has not been established that the debtor in possession has unjustifiably refused to pursue any claim it may have against the defendant.

A voluntary chapter 11 petition was filed on behalf of Chemical Separations Corporation (Chem Seps) on October 15, 1982. The debtor has served as debtor in possession since the petition date. Exhibit VII to the debtor's statement of financial affairs reflects that defendant owns 87.92% of the stock in the debtor. This same exhibit identifies Jack H. Kennedy, a vice-president of defendant, as chairman of the board of the debtor. Further, the debtor's schedules recite that defendant has a claim in the amount of $2,660,366.69 secured by property having a book value of $2,689,160.21.[1]

On March 31, 1983, the creditors' committee filed a complaint in the name of the debtor.[2] The complaint requests: (i) a determination of the amount of any allowable claim, secured or unsecured, of the defendant; (ii) an accounting of the direct cash benefit attributable to Chem Seps 1982 net operating losses defendant realized on its 1982 consolidated income tax statement and judgment in like amount; and (iii) equitable subordination, pursuant to 11 U.S.C.A. § 510(c) (1979), of any allowable secured or unsecured claim of defendant. On May 10, 1983, defendant filed its motion to dismiss, asserting the creditors' committee lacks standing and that the complaint fails to state a claim upon which relief can be granted. Alternatively, defendant requests that plaintiff be required to amend its complaint to include a more definite statement of the claims at issue.

Bankruptcy Code § 1103 includes an enumeration of the powers and duties of any committee appointed pursuant to Code § 1102. A creditors' committee may: (1) consult with either the trustee or debtor in possession on matters pertaining to the administration of a case; (2) investigate the debtor's financial affairs; (3) participate in the formulation of a reorganization plan; (4) request the appointment of an examiner or a trustee; and (5) "perform such other services as are in the interest of those represented." 11 U.S.C.A. § 1103(c) (1979).

---

1. This figure does not include a deduction of the prior claim of another secured claimant.

2. An objection to the claim of Foster Wheeler Corporation has also been filed by the creditors' committee. This objection was filed on April 6, 1983.

Further, 11 U.S.C.A. § 1109(b) (1979) recites: "A party in interest, including ... a creditors' committee ... may raise and may appear and be heard on any issue in a case under this chapter." The creditors' committee maintains these provisions impliedly authorize it to initiate the instant adversary proceeding in the name of and on behalf of the debtor in possession. Defendant, however, contends any authority of the creditors' committee derived from either § 1103(c)(5) or § 1109(b) is limited to participation in a bankruptcy *case* and does not extend to *adversary proceedings*. Although the legislative history is not helpful in resolving the dispute, there are several decisions pertaining to the standing of a creditors' committee to pursue claims of a debtor in possession through commencement of adversary proceedings.

In support of its motion to dismiss for lack of standing, defendant relies principally upon *In re Segarra*, 14 B.R. 870 (Bkrtcy. D.P.R.1981) and *In re Wesco Products Co.*, 22 B.R. 107 (Bkrtcy.N.D.Ill.1982). In *Segarra* the court did determine that the creditors' committee, absent specific authority conferred by the court, did not have authority to sue on behalf of a debtor's estate. However, *Segarra* is factually distinguishable from the instant case. In the first instance, the debtors in *Segarra* were party plaintiffs in the adversary proceeding and the claims of the estate were being duly prosecuted. Secondly, *Segarra* apparently did not involve "insider" defendants. Defendant Foster Wheeler Corporation, as majority stockholder, is clearly an "insider" of Chem Seps.[3]

*Wesco Products* is also factually distinct from the instant case. The court had routinely granted the creditors' committee permission to file a complaint, preserving the right of defendants to move to dismiss the complaint. Approximately four months after the filing of the creditors' committee complaint against Alloy Automotive Company and Continental Bank, the debtor in

possession filed an amended complaint asserting substantially identical claims against both Alloy and Continental. Judge Eisen concluded that the creditors' committee lacked standing to sue and granted the separate motions of Alloy and Continental to dismiss the complaint of the creditors' committee. The court's decision, however, was based on the fact that the debtor in possession was properly pursuing its claims against Alloy and Continental. Continuation of the action commenced by the creditors' committee would have resulted in unnecessarily duplicative litigation. In contradistinction, Chem Seps has not undertaken to assert any claim against defendant Foster Wheeler Corporation.

This court disagrees with the conclusion in *Segarra* that Code § 1109(b) is applicable in cases but not in adversary proceedings. The reasons for the court's disagreement are discussed in *Matter of Joyanna Holitogs, Inc.*, 21 B.R. 323 (Bkrtcy.S.D.N.Y. 1982), wherein a creditors' committee commenced an adversary proceeding to recover an allegedly preferential transfer. Judge Babitt's opinion recites in material part:

Notwithstanding the absence in the Code of a plainly expressed grant giving a creditors' committee the standing [to file adversary proceedings on behalf of a debtor in possession] ... this court assumes that Congress did not intend to deny a debtor's creditors the opportunity to vindicate his and their rights ....
Indeed, Section 1109(b) provides a strong foundation upon which such a principle should be built.

\* \* \* \* \* \*

Section 1109(b) continues the broad concept, carried over from the 1898 Act, of the broad right to be heard in order to insure that the dark corners of commerce are illuminated. A general right to be heard would be an empty grant unless those who have such right are also given the right to do something where those who should will not. In

---

3. A "person" in control of a debtor corporation is an insider. 11 U.S.C.A. § 101(25)(B)(iii) (1979). A corporation is a "person" within the

definition of that term in the Bankruptcy Code. See 11 U.S.C.A. § 101(30) (1979).

short, the right to be heard given the creditors' committee, *5 Collier on Bankruptcy* (15th ed.) ¶ 1109.02[3], includes the right to sue where a trustee or debtor in possession will not . . . . However, that standing to sue means that the committee is plaintiff on behalf of the debtor and in the debtor's name.

*Matter of Joyanna Holitogs, Inc.* 21 B.R. at 325–26.

During the hearing on the defendant's motion to dismiss, John A. Walker, Jr., an attorney for debtor Chem Seps, informed the court he had advised the attorney for the creditors' committee that it would be appropriate for the committee to bring the instant action. Mr. Walker independently decided Chem Seps should not undertake to sue defendant, debtor's principal stockholder, while simultaneously negotiating the formulation of a chapter 11 plan (even though the plan will be a liquidating plan). Since defendant owns nearly 90% of the debtor's stock, there is an appearance of a conflict of interest in any action by the debtor against the defendant.

■ The rights of the creditors' committee under Code § 1109(b) would be nugatory indeed if the court declined to permit the committee to pursue the claims asserted in the instant adversary proceeding.[4] Consequently, the court finds that Code § 1109(b) does permit a creditors' committee to initiate an adversary proceeding against an insider when a debtor in possession declines to do so due to extenuating circumstances.[5]

■ Although the court has concluded the creditors' committee has standing to assert the claim of the debtor in possession against defendant Foster Wheeler, the creditors' committee should have sought authorization from the court as a predicate to the commencement of the subject proceed-

ing. Requiring court approval previous to the filing of suit by a creditors' committee reduces the likelihood of avoidable confusion and ensures that a debtor in possession is: (1) informed of the committee's intent to assert a right of the debtor in possession and (2) afforded an opportunity to explain to the court the reason, if any, for declining to prosecute the claim the creditors' committee desires to assert on its behalf. Nonetheless, under the circumstances herein, the court's order permitting the creditors' committee to proceed shall be *nunc pro tunc.*

■ Defendant has also requested the court to dismiss the complaint on the basis it fails to state a claim upon which relief may be granted. Considering the well-established rule that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), the court declines to dismiss the complaint.

■ Alternatively, defendant asserts the complaint violates Bankruptcy Rule 708, which requires a short and plain statement of a claim demonstrating the pleader is entitled to relief; further, defendant contends the complaint is so vague and ambiguous that it cannot frame a responsive pleading. Specifically, defendant maintains that several of the committee's claims are devoid of detail to support the relief requested; that other claims are internally consistent; and that all of the claims are presented in long paragraphs containing numerous allegations.

The complaint affords fair notice to the defendant of the claims against it. Pre-trial discovery techniques are available to the

---

**4.** In the *Matter of Monsour Medical Center,* 5 B.R. 715 (Bkrtcy.W.D.Pa.1980), the court determined it was not necessary to decide whether Code § 1109(b) contemplates the commencement of adversary proceedings by creditors' committees. Instead, the court held that the implied authority of a creditors' committee, under the former Bankruptcy Act, to sue to avoid

either a preference or a fraudulent transfer continues under the Code.

**5.** The commencement of adversary proceedings by a creditors' committee against non-insiders may likewise be permissible on the authority of 11 U.S.C.A. § 1109(b) (1979). However, that is not the precise question before the court.

820

defendant to gain detailed information supporting the plaintiffs' claims. See *Wills v. McLean Trucking Co.,* 76 F.R.D. 32 (E.D. Tenn.1977). Further, inconsistent claims in a single pleading are permissible under Fed. R.Civ.P. 8(e)(2).

■ Although the defendant's motion for a more definite statement is denied, the court finds that the complaint fails to clearly comply with Fed.R.Civ.P. 10(b) and that it should be amended to conform to the requirements thereof, facilitating a responsive reply by the defendant. Accordingly, the creditors' committee is afforded twenty (20) days from the entry of this order to file and serve an amended complaint.

IT IS SO ORDERED.