In re **CONTINENTAL AIRLINES CORPORATION,** Continental Air Lines, Inc., Texas International Airlines, Inc., Txia Holdings Corporation, Debtors.

**OFFICIAL UNION LABOR AND PENSION CREDITORS' COMMITTEE OF CONTINENTAL AIRLINES, INC.,** Plaintiff,

v.

**TEXAS AIR CORPORATION,** Jet Capital Corporation, Robert J. Carney and Francisco A. Lorenzo, Defendants.

Bankruptcy No. 83–04019–H2–5.
Adv. No. 85–0613–H3.

United States Bankruptcy Court,
S.D. Texas.

April 14, 1986.

Leon C. Marcus, Philip Pierce, Claude D. Montgomery, Booth, Marcus & Pierce, New York City, Brooke E. Smith, Ross, Banks, May, Cron & Cavin, Houston, Tex., for plaintiff.

Robin C. Gibbs, Phillip T. Bruns, Robert N. Brailas, Gibbs & Ratliff, William E. Matthews, Sewell & Riggs, Houston, Tex., for defendants.

## MEMORANDUM OPINION ON DISMISSAL OF ADVERSARY PROCEEDING

T. GLOVER ROBERTS, Bankruptcy Judge.

This matter came on for consideration by this Court after notice and hearing on the defendants' motions [1] to dismiss this adversary complaint, and after hearing arguments of counsel and considering the pleadings and memorandum presented, this Court concludes that the motions should be granted and this adversary proceeding dismissed without prejudice for the reasons set forth below.[2]

## I. FACTS AND BACKGROUND

The Official Union Labor and Pension Creditors' Committee [3] of Continental Airlines, Inc. initiated this proceeding by filing an Adversary Complaint on July 16, 1985 against the defendants alleging, (1) breach of fiduciary duties, breach of implied covenants and negligence resulting from actions by the defendants as insiders in their relationships as officers, directors and parent companies of Continental Airlines,[4] such actions including guarantee by TXI, transfers of CAL assets to TAC, TXI loan to Jet Capital, and loss of CAL corporate opportunities to TAC and Jet Capital, all allegedly done without business justification and to the detriment of the debtors and their creditors, including its unionized employees; (2) that TXI, CAL and CAC are alter egos of the defendants, and that the defendants have manipulated and controlled the reorganization cases; (3) the related party transactions constituted voidable preferences and fraudulent transfers under Sections 547, 544, and 548 of the Bankruptcy Code; (4) misrepresentation by the defendants regarding the proposed 737 transaction, previously heard by this Court, which constituted deliberate deceit on the Court and creditors' and (5) misuse of insider positions at the time of trading in the public securities of CAC and TAC during the pendency of the reorganization cases. The Committee's complaint requests the Court to award damages, including exemplary damages, to the creditors of Continental Airlines or to consolidate TAC and Jet Capital and their assets with the debtors' assets for distribution purposes, to order that preferences or fraudulent conveyances be turned over to the debtors or damages assessed, to require that Lorenzo and TAC account to the debtors for profits or securities purchased as a result of post-petition trading and damages awarded thereupon, and to award costs, expenses and attorneys' fees to the plaintiff.

Motions to dismiss the adversary proceeding were filed by each defendant, individually, on October 15, 1985. The grounds for dismissal as presented in the motion filed on behalf of Texas Air [5] include failure to state a claim upon which relief can be granted on the basis of vagueness, insufficiency of pleading, nonex-

---

1. Motions for Dismissal were filed individually on behalf of Texas Air Corporation, Jet Capital Corp., Francisco A. Lorenzo and Robert J. Carney.

2. This opinion shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Fed.R.Civ.Pro. 52.

3. The Committee was established by Order of this Court dated October 12, 1983 and Amended Order dated November 15, 1983.

4. The exact relationship of the affiliated debtors and the defendants is not discussed here but is addressed in the pleadings in this proceeding.

5. TAC's motion requested dismissal or a more definite statement on the First, Second, Fourth and Fifth Claims for Relief.

istence of covenants or duty upon which a breach could occur, failure to meet conditions precedent for a derivative action, failure to plead a prima facie case, and in addition, lack of standing to bring a claim alleging insider trading.

The motions filed on behalf of Jet Capital, Lorenzo and Carney reiterate many of the grounds stated by Texas Air and also object to the proceeding for lack of subject matter jurisdiction for the reason that portions of the claim are not "related" to the bankruptcy case.

The motions were brought on for hearing before the Court, after continuance, on March 4, 1986.

## II. CONCLUSIONS

Among the numerous legal issues discussed in memoranda presented by counsel on the issues stated in the motions as set out above and argued before the Court on the hearing of this matter is the preliminary issue, and under the circumstances involved in this matter, the dispositive issue, of the plaintiff's right to initiate this adversary proceeding. Failure of the Creditors' Committee to proceed with the requisite procedural mechanisms with which to acquire access to this Court and perfect standing, through leave of Court, is the basis for this decision to allow dismissal of the adversary proceeding.

■ The basic right of a Creditor's Committee as a party in interest *to be heard*, is set forth in 11 U.S.C. § 1109(b) which provides that, "A party in interest, including the debtor, the trustee, a creditors' committee, and equity security holders' committee, a creditor, an equity security holder, or an indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." The right of interested parties to be heard is an absolute right allowed to insure fair representation and prevent excessive insider control. *In re Johns-Manville Corporation*, 36 B.R. 743, 747 (Bankr.S.D.N.Y.1984); *In re Amatex Corporation*, 755 F.2d 1034, 1042 (3d Cir. 1985).

■ This right to be heard by a creditor committee has been expanded under certain types of circumstances to allow initiation of adversary proceedings, although there is no express provision in the Bankruptcy Code specifically authorizing such action. *In re Monsour Medical Center*, 5 B.R. 715 (Bankr.W.D.Pa.1980) (a creditors' committee's implied authority to sue to avoid a preference or fraudulent transfer where trustee or debtor-in-possession unjustifiably refuses continues under the Code from the prior Act); *In re Joyanna Holitogs, Inc.*, 21 B.R. 323 (Bankr.S.D.N.Y. 1982) (right to be heard includes the right to sue where trustee or debtor in possession will not); *In re Marin Motor Oil, Inc.*, 689 F.2d 445 n. 11 (3d Cir.1982) (cites *Monsour* and *Joyanna* with approval although case dealt with intervention); *In re Evergreen Valley Resort, Inc.*, 27 B.R. 75 (Bankr.D.Me.1983) (committee authorized to sue to determine estate's rights in assets where debtor-in-possession unjustifiably fails to bring suit or somehow abuses its discretion in performing its duties as representative of the bankrupt estate); *In re Wesco*, 22 B.R. 107 (Bankr.N.D.Ill.1982) (committee right to bring action recognized but not where debtor-in-possession had filed a substantially identical adversary); *In re Jermoo's, Inc.*, 38 B.R. 197 (W.D.Wis. 1984) (committee had standing to bring adversary to avoid termination of contracts as a fraudulent transfer); *In re Jones*, 37 B.R. 969 (Bankr.N.D.Tx 1984) (committee standing granted to bring preference and fraudulent transfer actions where the debtor-in-possession failed to act); *In re Chemical Separations Corporation*, 32 B.R. 816 (Bankr.E.D.Tenn.1983) (committee allowed to proceed on claim against insider where debtor declines).

However, limitations on this right allowing a creditor's committee to institute adversary proceedings have developed throughout this line of cases that require, as well as justification for the action, prior Court approval.[6] In the 1980 case of *In re*

6. Although the legal issue on leave of court was      not discussed in *In re Evergreen, supra,* and *In*

*Monsour, supra,* the Court pointed out that Code provisions dealing with preferences, fraudulent transfers, and powers of creditor committees

> do not absolutely preclude a creditor's right to petition the Court for standing to sue on behalf of the trustee or debtor-in-possession. Thus, a creditor may not bring suit on his own behalf to avoid a preference or fraudulent transfer ... so that a multiplicity of piecemeal litigation will not prevent the equitable settlement of the debtor's estate.

*Id.* at 718–19. The Court allowed the adversary proceeding to be filed by the committee where the debtor had been charged with one abuse of discretion in the failure to challenge a second mortgage on real estate.

*In re Segarra,* 14 B.R. 870 (D.Puerto Rico 1981) took a more narrow approach on the issue and denied standing altogether of the creditor-plaintiff to sue on her own behalf or on behalf of the creditors' committee to seek damages in an adversary proceeding. The Court did, however, find that, "Absent specific authority conferred by the Court, the creditors' committee has no authority to sue on behalf of the debtor nor on behalf of the debtor's estate; our attention is directed to no such authorization in this case ..." *Id.* at 878.

The Court in *In re Jermoo's, supra,* found that under *Monsour,* "and apart from § 1109(b), an action by the committee must begin with a motion to the Court for approval to sue on the debtor's behalf". *In re Jermoo's,* at 199. However, the Court allowed the committee standing although specific authority of the Court had not been sought under circumstances where intervention of the committee had been allowed in a related prior adversary proceeding.

The Northern District of Texas allowed an unsecured creditors' committee authority, *nunc pro tunc,* to file avoidance actions and challenges to correction deeds where

re *Wesco, supra,* the Court noted the procedure followed and leave *was* requested in both cases.

prior approval of the Court had not been sought in *In re Jones,* 37 B.R. 969 (Bankr. N.D.Tx.1984). The Court cited the 1971 Fifth Circuit case of *Dallas Cabana Inc. v. Hyatt Corporation,* 441 F.2d 865 (5th Cir. 1971), and *Gochenour v. George and Francis Ball Foundation,* 35 F.Supp. 508 (S.D. Ind.1940), in pointing out that leave to prosecute must first be requested in order to maintain a cause of action originally belonging to the trustee. The *Jones* Court, nevertheless, allowed approval *nunc pro tunc* under circumstances where the action, in the opinion of the Court, should be brought to its attention.

An additional case where *nunc pro tunc* authority was granted to proceed with an adversary complaint was *In re Chemical Separations Corporation,* 32 B.R. 816 (Bankr.E.D.Tenn.1983), where the creditors' committee sought equitable subordination and accounting of certain claims. Notwithstanding the fact that the Court allowed the committee under the circumstances to proceed without first requesting authority, the Court noted

> [T]he creditor's committee should have sought authorization form the Court as a predicate to the commencement of the subject proceeding. Requiring court approval previous to the filing of suit by a creditors' committee reduces the likelihood of avoidable confusion and ensures that a debtor-in-possession is (1) informed of the committee's intent to assert a right of the debtor-in-possession and (2) afforded an opportunity to explain to the Court the reason, if any, for declining to prosecute the claim the creditors' committee desires to assert on its behalf.

*Id.* at 819.

In June of 1985, the Fifth Circuit decided the case of *Fuel Oil Supply and Terminaling v. Gulf Oil Corporation,* 762 F.2d 1283, 1287 (5th Cir.1985), and although it dealt with the issue of intervention,[7] it cited

7. *Fuel Oil* held that there is no absolute statutory right for a creditors' committee to intervene in an adversary proceeding but that it may be allowed under certain circumstances.

the case of *In re Toledo Equipment Company*, 35 B.R. 315, (Bankr.W.D.Wis.1984) which dealt with the issue of prior Court approval. *Toledo* pointed out that there was not an established procedure for making the determination as to when a creditors' committee's standing arose, and then proceeded to set forth certain procedural requirements that must be met to perfect standing. The Court held that

> [P]rior to intervening in or initiating an action on behalf of the estate, the creditor's committee must apply to the Court for leave to take that action. The application must show: 1) that the creditor's committee has made a request of the debtor-in-possession regarding the initiation or prosecution of an action which will benefit the estate, 2) that the request has been refused, 3) a prima facia demonstration that a colorable claim exists which, if successful, would benefit the estate, and 4) the creditor's committee's grounds for contending that the debtor-in-possession's inactivity on the claim is unjustifiable or abusive of their discretion. Inasmuch as this type of application would appear to be a "contested matter" as contemplated by Bankruptcy Rule 9014, service of the application should be accomplished pursuant to that provision.

The case was dismissed at that time for failure to show that these steps had been taken to insure standing.

The Union Labor and Pension Creditors' Committee of Continental Airlines failed to request prior approval of this Court before initiating this adversary complaint. This Court concludes that the correct procedure here is to first make application to the Court for leave to initiate a proceeding. The next step is to then follow with an evidentiary hearing on that motion, after notice, for the purpose of the Court's determining the committee's justification on the

facts presented at that time to be allowed to bring an action as party-plaintiff in the nature of the complaint dismissed here. The factors in *Toledo* must be raised, and the trustee or debtor-in-possession should be afforded this opportunity to explain any reason it may have for declining to prosecute the claim.

Importantly, other creditor groups should be allowed to be heard on the matter. In this case, there are five (5) other Standing Committees, as well as the secured Bank lenders, who have not been heard, large creditor groups, who in the opinion of the Court, should be given the opportunity to be heard. The *Toledo* approach assures both the debtor and *all* creditor groups such an opportunity.

The Court must conclude that the Committee is not properly before the Court at this time for failure to follow the above procedures. The Court does not find, with its familiarity with this case and on the existing record, that extraordinary circumstances exist which would justify the issuance of permission *nunc pro tunc* as in the cases of *In re Chemical Separations* and *In re Jones*.[8]

Therefore, the Court concludes that the motions to dismiss this proceeding are well taken on the procedural requirements of standing and the action is hereby dismissed without prejudice.

---

**8.** This ruling does not determine whether the committee would have been justified to initiate suit on the particular counts in the complaint if leave of Court had been requested and granted. In fact, cases have granted standing to Creditors' Committees on similar claims. *See In re Joyanna, supra* (suit on corporate opportunities and waste); *In re Wesco, supra* (suit on fraud, misrepresentation, breach of fiduciary duty and breach of contract); and *In re Chemical Separations, supra* (suit alleging insider transactions).