In re CROWN–GLOBE, INC., Debtor.

MEDALLION KNITWEAR, INC., Plaintiff,

v.

PARKDALE MILLS, INC., Defendant.

No. 86–04189T.

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 31, 1989.

Anthony R. Distasio, Roland & Schlegel, Reading, Pa., for plaintiff.

J. Bradford McIlvain, Reed, Smith, Shaw & McClay, Philadelphia, Pa., for defendant.

## OPINION

THOMAS M. TWARDOWSKI,
Chief Judge.

Parkdale Mills, Inc. ("defendant") has filed a motion to dismiss the complaint filed against it by Medallion Knitwear, Inc. ("plaintiff"). Before addressing the merits of this motion, it is necessary to first provide some general background information on this bankruptcy case.

Crown Globe, Inc. ("debtor") filed a chapter 11 petition with this court in 1986. Both plaintiff and defendant are creditors of debtor. Plaintiff's claim is unsecured, while defendant's claim is secured. During the course of this bankruptcy proceeding debtor filed a motion to use cash collateral, to which defendant objected, and defendant filed a motion seeking relief from the automatic stay. To resolve these matters, a stipulation was approved by our colleague Judge Scholl under which defendant was authorized to liquidate certain of debtor's assets. The stipulation also required, among other things, that defendant and certain other secured creditors release all

claims against debtor's other assets and release all claims against the parties who guaranteed debtor's indebtedness to them. Plaintiff was not a party to the stipulation.

Plaintiff maintains that defendant did not properly liquidate debtor's assets and that, as a result, the value of debtor's estate has been diminished by at least $450,000.00. To redress this wrongdoing, plaintiff filed this nine count complaint, on behalf of itself and all other unsecured creditors of debtor, against defendant and various other parties with the District Court.[1] Defendant and the other parties then filed this motion to dismiss. At plaintiff's request, the District Court dismissed all of the claims against the parties other than defendant, dismissed all RICO claims against defendant and transferred the remaining claims against defendant to us. As a result, we must now decide defendant's motion to dismiss the remaining counts of the complaint. These counts can be categorized as follows: count V which alleges conversion, count VI which alleges breach of a third party beneficiary contract, count VII which requests equitable subordination under 11 U.S.C. § 510(c), count VIII which alleges intentional misrepresentation and count IX which alleges negligent misrepresentation. For the following reasons, we deny defendant's motion to dismiss counts V, VI, VIII and IX of the complaint and we grant defendant's motion to dismiss count VII of the complaint.

Defendant maintains that the causes of action outlined in counts V, VI, VIII and IX of the complaint belong to debtor and that, therefore, plaintiff lacks standing to raise them. Although we agree that these causes of action are part of debtor's bankruptcy estate since they involve the liquidation of debtor's assets, and that the more appropriate way for plaintiff to raise them would have been by way of a motion to compel debtor to act or a petition requesting leave to bring suit in debtor's name, *see, Committee of Unse-*

---

1. Since this complaint was originally filed with the District Court and then transferred to us, it has never been placed on our adversary docket and it has not been assigned an adversary number. We will direct the clerk's office to place this case, and all pleadings filed to date, on our adversary docket and assign it an adversary number.

cured Creditors v. Monsour Medical Center (Matter of Monsour Medical Center), 5 B.R. 715 (Bankr.W.D.Pa.1980), we do not believe that these counts of the complaint must be dismissed. Rather, it is well established that if a creditor asserts a colorable claim and the debtor or trustee fails to act, the court may authorize the creditor to institute the action on behalf of the debtor or trustee. *Equitable Gas Co. v. Equibank, N.A. (In re McKeesport Steel Castings Company)*, 799 F.2d 91 (3rd Cir.1986); *In re Philadelphia Light Supply Co.*, 39 B.R. 51 (Bankr.E.D.Pa.1984); *Matter of Monsour Medical Center, supra.* Instantly, there is no trustee and debtor has not taken any action to redress the wrongdoing alleged by plaintiff. In fact, as plaintiff notes, it is not likely that debtor will take steps to correct the alleged misconduct, given defendant's release of debtor's shareholders on the guarantees. Furthermore, the facts alleged in counts V, VI, VIII and IX of the complaint state a colorable claim. Accordingly, we deny defendant's motion to dismiss these counts of the complaint. However, we will direct plaintiff to amend its complaint to join debtor as a party pursuant to B.R. 7017. *Matter of Monsour Medical Center, supra.*

■ Defendant next maintains that count VII of the complaint, which requests that defendant's interest in debtor's assets be subordinated to plaintiff's interest under 11 U.S.C. § 510(c), should be dismissed as an untimely attempt to revoke confirmation of debtor's chapter 11 plan. As this count seeks to shift the priority of claims as they are to be paid under debtor's confirmed plan, we agree.

11 U.S.C. § 1144 governs revocation of a confirmation order and provides:

> On request of a party in interest *at any time before 180 days after the date of the entry of the order of confirmation,* and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud. An order under this section revoking an order of confirmation shall—

> (1) contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation; and

> (2) revoke the discharge of the debtor.

(emphasis supplied). Courts strictly construe this 180 day time limitation and, as our colleague Judge Fox has indicated, this 180 day time limitation must be applied even though the fraud was discovered beyond the 180 day time period. *In re Cinderella Clothing Industries, Inc.*, 93 B.R. 373 (Bankr.E.D.Pa.1988). *See also, In re Chipwich, Inc.*, 64 B.R. 670 (Bankr.S.D.N.Y.1986). Hence, we must reject plaintiff's defense that it discovered the fraud after debtor's plan was confirmed and after the 180 day time limitation expired.

Instantly, debtor's chapter 11 plan was confirmed on May 28, 1987. Since plaintiff's complaint was filed more than 180 days after the confirmation date, plaintiff's request for equitable subordination is time barred and count VII must be dismissed.