**In re Jerry Andrew TEASLEY, Debtor.**

**Jerry Andrew TEASLEY, Plaintiff,**

**v.**

**Jean BURGESS, Defendant.**

**Bankruptcy No. 48200107.
Adv. No. 4820026.**

United States Bankruptcy Court,
W.D. Kentucky.

April 20, 1983.

As Supplemented May 9, 1983.

Phillip G. Abshier, Owensboro, Ky., for debtor.

E.F. Martin, Jr., Hartford, Ky., for defendant.

Russ Wilkey, Newport, Ky., trustee.

### MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The within file has swollen to disproportionate bulk in a controversy over what could be as little as $715 worth of household furniture. It has done so, we suspect, because of certain misperceptions of some rather primary points of bankruptcy law. It will be the intent of this brief order to palliate that distended condition.

In the absence of an evidentiary hearing we will confine our consideration to those matters that are beyond factual dispute.

Five weeks before Jerry Teasley filed bankruptcy on March 15, 1982, his landlord went to Teasley's home and for nonpayment of rent "took ... that portion of the Teasley household furniture and appliance (sic) which appeared to have any value."[1]

Teasley claimed the furnishings as exempt under applicable Kentucky law "up to $2,900."[2] The landlord claims the furniture is worth $715 and that the exemption does not apply.

A month after filing his bankruptcy petition, Teasley initiated this complaint to compel a turnover of the furniture, characterizing its recapture as a preference voidable under Section 547 of the Bankruptcy Code. The defenses of the landlord[3] are sundry and unique.

A preference occurs if a transfer of property is made (1) to or for the benefit of a creditor, (2) on account of a preexisting debt, (3) while the debtor was insolvent, (4) within 90 days of the filing of a bankruptcy petition,[4] and (5) realizing more for the creditor than he would have received in a bankruptcy liquidation and distribution, absent such a transfer. On undisputed facts those elements are all present in this no-asset bankruptcy case.

By way of background, bankruptcy preference law has the effect of displacing or abrogating many creditors' rights and remedies thought to be enjoyed under applicable state law. Like it or not,[5] preference law permits a trustee to "yield awesome powers theretofore uncontemplated" and even, "in effect, to change the rules after the game is over."[6]

The complainant in this proceeding is the debtor, not the "trustee." But in preference litigation the appellations "debtor" and trustee are treated as synonyms, for upon the failure or refusal of the latter to

---

1. Defendant's memorandum in support of motion to dismiss and answer to amended complaint, filed August 12, 1982, at p. 2.

2. Amendment to Schedules filed May 12, 1982.

3. Actually, the representative of the estate of the landlord, who died during the pendency of this proceeding.

4. Or, if certain conditions are met, during the full year prior to bankruptcy; 11 U.S.C. § 547(b)(4)(B).

5. See McCoid, "Bankruptcy, Preferences, and Efficiency; An Expression of Doubt", 67 U.Va. L.Rev. 249 (1981).

6. *In re Kutz,* Memorandum and Order of Nov. 25, 1979, affirmed BK–78–00695 (W.D.Ky. 1980).

act, the former may do so in his stead. 11 U.S.C. § 522(h).[7]

 Given the dominance of the federal statutory scheme in our context, the bankruptcy trustee (read "debtor") clearly prevails under 11 U.S.C. §§ 545 and 547 over the state statutory landlord's lien rights advanced by defendant. Equally clear is the debtor's right to claim an exemption for household goods under Kentucky statute, although pending a precise valuation of the property in question, the extent of the exemption is not known.

The trustee in bankruptcy is not a named party to this litigation, but he nevertheless is the duly appointed custodian of the entire bankrupt estate, still subject to his administration. In order to clear the thicket of this litigation, he will be instructed by the terms of this order to take possession of the household furnishings in question until such time as the amount of the claimed exemption is resolved.

IT IS THEREFORE ORDERED that:

1. The defendant shall promptly deliver into the possession of the trustee the household furnishings which are the subject of this dispute,

2. The trustee shall accept possession of said furnishings, cause an appraisal to be made of them, and make such recommendations to the Court concerning the claimed exemptions as shall appear appropriate; and

3. The costs of this action shall be assessed against the defendant.

---

7. Substitution of the debtor for the trustee is permissible only under limited circumstances; the prebankruptcy transfer must have been involuntary, 11 U.S.C. § 522(g)(1)(A), and the debtor may recover only to the extent of a properly claimed exemption. Those conditions exist here.