In re William C. **BRIDGES**, Sr., Angie Gish Bridges, Debtors.

**OHIO VALLEY NATIONAL BANK OF HENDERSON, Plaintiff,**

v.

**William C. BRIDGES, Sr., Angie Gish Bridges, Defendants.**

Bankruptcy No. 48200190.
Adv. No. 4820093.

United States Bankruptcy Court,
W.D. Kentucky.

May 11, 1983.

Lambert Farmer, Henderson, Ky., for Ohio Valley Nat. Bank.

Joseph E. Ternes, Jr., Henderson, Ky., for defendants.

### ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

Standing to sue is challenged by the Chapter 11 debtor's motion to dismiss a complaint brought by an unsecured creditor, insofar as the complaint seeks to avoid preferential transfers which allegedly occurred during the three months prior to bankruptcy.

The complaint in question, brought by the Ohio Valley National Bank of Henderson, seeks a denial of discharge under Section 727 of the Bankruptcy Code, and also seeks to avoid two real estate mortgages executed by the debtors in possession in February and April, 1982. The Chapter 11 petition was filed on May 7, 1982. The debtors now move to strike the latter claim for relief, for lack of standing.

The motion of the debtors must be sustained. The power to avoid preferences inheres exclusively in the trustee, and is not enjoyed by unsecured creditors.[1]

Under narrow circumstances the debtor rather than the trustee may move to set aside a preference, a point we have considered in recent days.[2] And one court has held that upon the unjustified refusal of a trustee to act, the unsecured creditors committee may, with court approval, bring a preference action.[3] But generally speaking, individual creditors have no remedy to reach the property except through the trustee.[4]

Upon that reasoning the claims recited in numerical paragraphs 10, 10a and 10b of the Complaint herein, and the corresponding *ad damnum* clause thereof, are hereby ORDERED stricken, with prejudice.

---

1. 4 Collier on Bankruptcy ¶ 547.52(2) (15th Ed. 1982).

2. *In re Teasley,* A.P. No. 4820026, 29 B.R. 314 (April 20, 1983).

3. *In re Monsour Medical Center,* 2 C.B.C.2d 1363, 5 B.R. 715 (W.D.Pa.1980).

4. *Segarra v. Banco Central y Economias,* 5 C.B. C.2d 552, 14 B.R. 870 (D.P.R.1981).