In re William C. BRIDGES, Sr., Angie Gish Bridges, Debtor.

**FARMERS BANK AND TRUST COMPANY, Plaintiff,**

v.

**William C. BRIDGES, Sr., Angie Gish Bridges, Defendants.**

Bankruptcy No. 48200190.
Adv. No. 4820098.

United States Bankruptcy Court, W.D. Kentucky.

May 13, 1983.

William B. Norment, Jr., Henderson, Ky., for plaintiff.

Joseph E. Ternes, Jr., Henderson, Ky., for defendants.

Rhonda Taylor, Owensboro, Ky., trustee.

## ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

This is a companionate proceeding to *Ohio Valley National Bank of Henderson v. Bridges,* 29 B.R. 716, in which we ruled earlier this week that an unsecured creditor cannot bring a preference action against the debtors. The question here is substantially identical.

In this litigation the debtors move to strike certain allegations of the complaint that preferential transfers occurred shortly before bankruptcy. Based upon the reasoning and authorities contained in our earlier order in the *Ohio Valley National Bank* case, and consistent with its result, we hereby ORDER stricken, with prejudice, those allegations and prayers for relief of the said complaint which pertain to the asserted preferential transfers.

In this case, however, we take an additional necessary step. In response to the debtors' motion to strike, the plaintiffs plead that in the event of a ruling adverse to them, (that is, if references to the alleged

preferences are ordered stricken from the complaint), the Court should order the trustee in the case, Rhonda Taylor, to initiate preference action on her own. This we refuse to do.

 The trustee in bankruptcy, while occupying the position of an officer of the court having high accountability, must preserve independence of professional judgment in deciding whether to pursue litigation, whether concerning preferences or of any other sort. There are many reasons why a trustee (or counsel for the trustee, often embodied in the same person), may choose *not* to sue. The cause of action may not appear meritorious, or the possibility of recovery slim, or the hopes of settlement encouraging.

 In any event, it would be premature to ask this court now to *direct* the trustee to become a plaintiff, without at the very least a threshold showing of the existence of those elements of a preference which would justify trustee attack. Short of a court hearing on that preliminary question, this plaintiff is abundantly free to point out directly to the trustee the elements of an alleged preference, then leaving it in the discretion of the trustee as to whether to sue. That preliminary judgment is the trustee's alone to make. *See* 11 U.S.C. § 323; 4 Collier on Bankruptcy ¶ 547.52(2) (15th Ed.1982). Only upon an abuse of that discretion would the Court direct the trustee to act. In the present posture of this case there is no allegation that the trustee has failed to act.

As we have pointed out, there is a divergence of interests as between the individual unsecured creditor who is the plaintiff in this action and the broader class of such claimants whose collective rights the trustee is sworn to protect. The trustee may or may not choose to sue; we neither encourage nor discourage such action, but look only to the trustee's performance of her fiduciary duty with all diligence.

For the above reasons, the plaintiff's motion for an order directing the trustee to initiate a preference suit is hereby OVERRULED, with prejudice.