**In re PHILADELPHIA LIGHT SUPPLY CO., Debtor.**

**Bankruptcy No. 82–01526G.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 3, 1984.

Joseph Jaffe, Nathan Lavine, Adelman Lavine Krasny Gold & Levin, Philadelphia, Pa., for debtor, Philadelphia Light Supply Co.

Joseph A. Dworetzky, Drinker Biddle & Reath, Michael L. Temin, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for Creditors' Committee, movant.

Faith R. Greenfield, Wexler, Weisman, Forman & Shapiro, P.C., Philadelphia, Pa., for alleged preferential transferee, Sydney M. Cohn.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge.

The issue in the controversy at bench is whether we should grant the motion of the creditors' committee for leave to commence a preference action against the president and sole shareholder of the debtor in possession. For the reasons expressed herein we will grant the motion.

The facts of this case are as follows:[1] Approximately two years ago Philadelphia Light Supply Co. ("the debtor ·in posses-

---

1. This opinion constitutes the findings of fact and conclusion of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

sion"), filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code"). On March 30, 1984, the creditors' committee commenced a preference action under 11 U.S.C. § 547 of the Code in its name on behalf of the debtor in possession against one Sydney M. Cohn ("Cohn") alleging that Cohn, as president and sole shareholder of the debtor in possession, had received preferential payments from it prior to the filing of the petition. On the institution of the suit the creditors' committee simultaneously moved for leave to commence the action.

■ Individual creditors generally have no remedy to institute a preference action except through the trustee or debtor in possession. *Ohio Valley National Bank of Henderson v. Bridges (In Re Bridges)*, 29 B.R. 716 (Bkrtcy.W.D.Ky.1983). Nonetheless, virtually all the cases which have discussed the matter have stated that the court may authorize the creditors' committee to institute suit under a colorable claim on behalf of the debtor in possession or the trustee if these entities fail to do so.[2] In cases in which the debtor in possession is conducting its affairs without objection but for its failure to prosecute a handful of claims against insiders, granting leave to the creditors' committee to pursue these actions may be less expensive than the appointment of a trustee and the awarding of his commission, *Committee of Unsecured Creditors v. Monsour Medical Center (In Re Monsour Medical Center)*, 5 B.R. 715 (Bkrtcy.W.D.Pa.1980), and it is also less disruptive than conversion of a chapter 11 proceeding to chapter 7.

■ In the case at bench the creditors' committee has presented a colorable claim against Cohn on a preference action. The debtor in possession has not commenced

**2.** *Committee of Unsecured Creditors v. Monsour Medical Center (In Re Monsour Medical Center)*, 5 B.R. 715 (Bkrtcy.W.D.Pa.1980) (The court noted that a creditors' committee had implied authority to sue under the former bankruptcy statute when the trustee or debtor in possession unjustifiably failed to bring suit and the court held that this protection continued under the Code.): *Official Committee of Unsecured Creditors of Joyanna Holitogs, Inc. v. I. Hyman Corp. (In Re Holitogs, Inc.)*, 21 B.R. 323 (Bkrtcy.S.D.N.Y.1982) (The court held that the creditors' committee has a right to sue where the trustee or debtor in possession will not.); *Rego Crescent Corp. v. Tymon (In Re Rego Crescent Corp.)*, 23 B.R. 958, 967 (Bkrtcy.E.D.N.Y.1982) (In an action brought by creditors' committee the court noted that "the case law has established that a creditors' committee may have authority to bring an action on behalf of the debtor, *cf. [Monsour, supra].*"); *In Re Allbrand Appliance & Television Co., Inc.*, 24 B.R. 125, 126 (Bkrtcy.S. D.N.Y.1982) (Citing *Monsour* the court stated that, "Case law reveals an implied authority for a creditors' committee to sue where a Debtor unjustifiably fails to resort to its statutory arsenal of avoiding powers."); *In Re Evergreen Valley Resort, Inc.*, 27 B.R. 75 (Bkrtcy.D.Me.1983) (The suit was allowed where the same attorney represented the debtor in possession and the defendant in the proposed suit.); *Chemical Seperation Corp. v. Foster Wheeler Corp. (In Re Chemical Seperation Corp.)*, 32 B.R. 816 (Bkrtcy. E.D.Tenn.1983) (The court authorized the creditors' committee to institute suit against a majority shareholder of the debtor in possession.); *Unsecured Creditors' Committee v. Farmers Sav-*

*ings Bank (In Re Toledo Equipment Co., Inc.)*, 35 B.R. 315 (Bkrtcy.N.D.Ohio 1983) (Although denying authorization to sue under the facts of the case, the court recognized that under appropriate circumstances an action may be commenced by the creditors' committee.); *Official Creditors' Committee v. Alloy Automative Co. (In Re Wesco Products Co.)*, 22 B.R. 107 (Bkrtcy.N.D.Ill.1982) (Although the court approved of the rule stated in *Monsour,* the creditors' committee's action was dismissed since the debtor had commenced a substantially identical action against the same party.); *Official Creditors' Committee v. Liberal Market, Inc. (In Re Liberal Market, Inc.)*, 13 B.R. 748 (Bkrtcy.S.D.Ohio 1981); *Liberal Market, Inc. v. Malone & Hyde, Inc. (In Re Liberal Market, Inc.)*, 14 B.R. 685 (Bkrtcy.S.D.Ohio 1981); *Gander Mountain, Inc. v. Impact Industries, Inc. (In Re Gander Mountain, Inc.)*, 29 B.R. 260 (Bkrtcy. E.D.Wis.1983) (In a suit filed by the debtor in possession and the creditors' committee, the court noted that a creditors' committee has standing, in the proper circumstances, to bring an action on behalf of debtor in possession); *contra, Segarra v. Banco Central & Economias (In Re Segarra)*, 14 B.R. 870 (Bkrtcy.D.P.R. 1981).

On a collateral point in *In Re Overmyer*, 30 B.R. 123, 125 (Bkrtcy.S.D.N.Y.1983) the court stated that, "[T]he recognition of a creditors' committee's standing to take affirmative action on behalf of a debtor under certain circumstances does not mean that the creditors' committee is also burdened with the correlative duty of always having to take such action or be faulted for its failure to do so."

suit against him and we doubt that it would commence and zealously prosecute such an action since Cohn is the president and sole shareholder of the debtor in possession. We cannot concur in Cohn's assertion that "the debtor made an informed determination not to institute the suit because it believed no preferential transfer had been made." We find the situation more aptly summarized by the creditors' committee's contention that "it is unreasonable to expect the debtor in possession to objectively view its claim against that defendant."

■ We will authorize the creditors' committee to continue prosecuting the suit against Cohn.[3]

---

**3.** Although court approval is typically a prerequisite to commencing suit on behalf of the debtor in possession, we find this no bar to the relief we will grant in this case due to mitigating facts. The creditors' committee filed suit on March 30, 1984, and simultaneously moved for ratification of their action. The creditors' committee has indicated that simultaneous filing, rather than sequential filing, was necessary since the creditors' committee felt it necessary to commence

its action prior to the deadline of March 31, 1984, when the bankruptcy court system was scheduled to lapse due to Congressional inaction in the wake of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Due to the uncertainty in the bankruptcy court at the time of the filing of the action, we find the course chosen by the creditors' committee a reasonable one.