**In re Kenneth TOWERY Judith Towery, Debtors.**

**Bankruptcy No. 48500057.**

United States Bankruptcy Court, W.D. Kentucky.

Sept. 13, 1985.

Sandra D. Freeburger, Sebree, Ky., for debtor.

Russ Wilkey, Owensboro, Ky., trustee.

R. Allen Wilson, Owensboro, Ky., for Sperry Financial Corp.

Douglas A. Wetzel, Owensboro, Ky., for Chrisney State Bank.

## OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

Here we juxtapose two narrow exceptions to two general rules from two complex code structures to find the solution to a comparatively minor dispute. The facts are simple. The interplay between the statutes is not. We will begin with the facts.

Kenneth Towery, now bankrupt, bought farm equipment on credit from two farm stores, and on the related financing statements and security agreements gave his address as "Route # 1, Utica, Kentucky." Utica is in Daviess County, Kentucky. Towery's farm home is located in adjoining McLean County, although the address he gave is the correct mailing address.

Assignees of the commercial paper, Sperry Financial Corporation and Chrisney State Bank, recorded their security interests with the county clerk of Daviess County. Upon the bankruptcy filing they asserted their claims as secured creditors. The debtor then formally objected to their secured status on the ground that recording in the wrong county of residence renders a security interest unperfected under the Kentucky Uniform Commercial Code.[1] If successful, the debtor would free up for his own use, and that of the trustee, prop-

---

1. One of the creditors is a Kentucky resident and the other is an Indiana concern. The Indiana creditor, Chrisney State Bank, argues that Indiana law applies to its transaction. Choice-of-law questions need not be explored, since Kentucky and Indiana statutes on the question are identical. *See* Ind.Stat. 26–1–9–401(2) and KRS 355.9–401(2).

erty having the not insubstantial value of $20,051.

Applicable state law on the perfection of security interests provides that "when the collateral is equipment used in farming operations", as is the case here, then the instruments evidencing the security must be filed "in the office of the county clerk in the county of the debtor's residence ..." KRS 355.9–401(1)(a).

To that general rule there is the so-called "good-faith exception", relied upon by the creditors in this proceeding. KRS 355.9–401(2) provides that:

A filing which is made in good faith in an improper place ... is nevertheless effective ... against any person who has knowledge of the contents of such financing statement.

The creditors obviously—and strenuously—argue for the protection of the good faith exception, because Towery had actual knowledge of the contents of those financing statements upon which he had caused to be inscribed a postally correct, however geographically imprecise, address.

Collaterally the creditors advance the related arguments that (1) the debtor lacks standing to object to these claims, and (2) only the trustee may assert the position taken here by the debtor. These issues are treated with the heavy medicine of recent caselaw from this very bankruptcy court. We will stand by but distinguish those cases, as will be seen.

The questions of standing, the trustee's powers and the availability of the good faith exception are so tightly interwoven that our discussion of them must be structured in that same way.

■ To begin with, there is no doubt that the good-faith exception would be effective against Towery *as an individual* in a nonbankruptcy context; it was he who supplied the information, unquestionably acting in good faith, based upon which the improper filing was made by these creditors, also acting in good faith.

But Towery is not acting here as an individual; he is asserting the powers of the trustee, which he has every right to do. This is the second exception to which we have alluded; generally speaking the trustee's powers are exclusively his own, but for a unique provision of the Code. Section 522(h) of the Bankruptcy Code empowers the debtor to avoid certain transfers to the same sweeping extent, and armed with the same defenses, as the trustee. The purpose of the statute is to enable the debtor to protect his exemptions, in which a trustee might take no interest. In such cases the debtor acts not as an individual, but *as trustee*, with derivative powers which would be unavailable to him personally. The statute is perfectly clear, and the case law only repeats the obvious.[2]

Objections to proofs of claim may be made by "a party in interest". 11 U.S.C. § 502. The trustee is such a party, and in fact the right to object "is generally exercised by the trustee".[3] Obviously the debtor, *acting as trustee*, is a party in interest who may make such an objection. Our earlier case of *In re LaPointe*, 39 B.R. 80 (Bkrtcy.W.D.Ky.1984) is distinguishable, as counsel for the debtor aptly points out, in that LaPointe sought to protect no exemptions, was unable to invoke the trustee's avoidance power, and was treated by the court as an individual acting in his own behalf.

Counsel for these creditors urge that our case of *In re Bridges*, 31 B.R. 27 (Bkrtcy. W.D.Ky.1983) reserves to the trustee the independent judgment as to whether to exercise his powers of avoidance. *Bridges* is reconcilable in that it involved the assertion of a preference claim *by a creditor*, not by a debtor acting with the powers of a trustee. We hold to the *Bridges* case and its companionate decision, *In re Bridges*, 29 B.R. 716 (Bkrtcy.W.D.Ky.1983), which spe-

---

**2.** *In re Jones*, 21 B.R. 469 (Bkrtcy.D.S.C.1982); *In re Stratton*, 8 B.R. 674 (Bkrtcy.D.S.D.1981).

**3.** *Advisory Committee Note* to Bankruptcy Rule 3007.

cifically endorsed debtor actions of the sort taken here.[4]

Our discussion thus far has centered upon the question of standing to object to claims, but the instant action is more than that. Although the debtor's pleadings are nominally styled "Objection to Secured Status", they seek substantive relief of the sort which is available only through the exercise of the trustee's avoidance powers, and have been so treated.

 Section 544 of the Bankruptcy Code, the so-called "strong-arm clause", empowers the trustee (read "debtor") to raise those defenses against an unperfected security interest which would be available to a judicial lien creditor without notice. Such a party would be insulated against the good-faith exception and would easily prevail against an improperly perfected creditor. Trustee Wilkey would have prevailed had he chosen to move against this claim, and by the same statutory right this debtor, applying § 544 through the medium of § 522(h), is entitled to have the property treated as unsecured for the purpose of satisfaction of his exemptions.

We note in passing that Towery's trustee, Russ Wilkey, was put on notice of the defective perfection in this case but decided not to assert his avoidance powers. While we cannot characterize his declination as an abuse of discretion of the sort discussed in *In re Bridges*, supra, we do suspect that his refusal proceeded from a gross misapprehension, to say the least, of the extent of his powers and duties. In any event, the debtor here was free to act when Wilkey did not, and regardless of his reasons.

We are moved to offer a final word of questionable comfort to the losing parties. In any nonbankruptcy court of equity in the land these creditors would have prevailed with their good-faith exception defense. But here they dealt with a debtor derivatively vested with that awesome arsenal of trustee's defenses which is, to this writer's knowledge, without exact parallel in common law or any other statutory scheme.

 Finally, counsel for the debtor requests attorney's fees on the theory that the bankrupt estate has realized a benefit from this action. The entitlement under 11 U.S.C. § 330(a) is beyond serious question. For this enlargement of the estate through the successful assertion of avoidance powers, counsel for the debtor is to be granted compensation, upon submission of the proper documentation, subject of course to creditor objections.

Orders will be entered today to implement this opinion.

---

**4.** "Under narrow circumstances the debtor rather than the trustee may move to set aside a preference ... But generally speaking, individual creditors have no remedy to reach the property except through the trustee." 29 B.R. at 716.