**In re Randy and Kimberly DAVIS, Debtors.**

**Frederick S. Wetzell, III, Trustee, Plaintiff,**

v.

**Equipment Dealers Credit Company, Defendant.**

Bankruptcy No. 6:00–BK–60076.
Adversary No. 6:01–AP–6020.

United States Bankruptcy Court, W.D. Arkansas, Hot Springs Division.

March 11, 2002.

Mark W. Hodge, N. Little Rock, AR, for defendant.

Frederick S. Wetzell, III, trustee.

James F. Dowden, Little Rock, AR, for trustee.

David Jacobs, Little Rock, AR, for debtors.

### Memorandum Opinion

ROBERT F. FUSSELL, Bankruptcy Judge.

Frederick S. Wetzell, III, (the "Trustee"), the duly appointed chapter 7 trustee in the bankruptcy of Randy and Kimberly Davis, Debtors, filed a complaint instigating the above-styled adversary proceeding against Equipment Dealers Credit Company ("Equipment Dealers"), on May 21, 2001. Trustee's complaint seeks to determine the validity, priority or extent of a lien claimed by Equipment Dealers pursuant to 11 U.S.C. § 544. Equipment Dealers filed an answer on July 6, 2001. The parties filed a joint stipulation of facts on November 5, 2001, the parties have briefed the legal issues, and this matter is ripe for determination by the Court.

### I. *Jurisdiction.*

This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(K), and the Court may enter a final judgment in this matter. This memorandum opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

### II. *Findings of Fact.*

On November 5, 2001, the parties filed a joint stipulation of facts. The joint stipulation of facts states as follows:

1. Exhibit "A" is Plaintiff's appointment as Trustee.

2. The Trustee is duly appointed and acting.

3. Randy W. Davis ("Debtor") applied for a loan from Defendant on May 22, 1999. Exhibit "B" is the Debtor's loan application.

4. Exhibit "B" shows Debtor's address as 111 Valley, Arkadelphia, Arkansas.

5. Exhibit "B" also states Debtor owns thirty-five (35) acres and rents one hundred and sixty (160) acres.

6. Exhibit "B" also states Debtor owns 92 head of cattle with a net annual farm income of $30,000.00.

7. Exhibit "B" shows Debtor's business address as Highway 67 North, Arkadelphia, Arkansas 71923.

8. Exhibit "C" shows Debtor purchased a New Holland TS110 Tractor and Bush Hog Front–End Loader (the "Equipment") on May 22, 1999, from Hot Springs Ford Equipment, Inc.

9. Exhibit "C" shows Hot Springs Ford Equipment, Inc. assigned the contract to Defendant without recourse on May 29, 1999.

10. Debtor, under Exhibit "C," gave Defendant a security interest in the Equipment.

11. Exhibit "D" is the UCC Financing Statement filed by Defendant.

12. Exhibit "D" is filed in Clark County, Arkansas on September 20, 1999.

13. Defendant did not file a UCC Financing Statement in Hot Spring County, Arkansas.

14. Exhibit "E" is Defendant's secured claim filed on November 16, 2000.

15. Exhibit "F" is the bankruptcy petition and schedules filed by the Debtor on January 25, 2000.

16. Exhibit "F" shows the Debtor's address as 646 Antioch Road, Bismarck, AR 71929 and that it was purchased in 1998.

17. Exhibit "F" also shows the location of principal business assets of Debtor as 111 Valley, Arkadelphia, AR 71923.

18. Exhibit "F" shows the Debtor owned the following real estate at 646 Antioch Road:

(a) 3 acres;

(b) an additional 5.5 acres;

(c) approximately 29 acres consisting of eight different lots.

19. Exhibit "F" shows Debtor owned 567 head of cattle.

20. Exhibit "F," on the Statement of Affairs, shows a cattle farm operation in response to question number 16.

21. Exhibit "G" is the Trustee's Affidavit.

22. The Trustee found the Equipment on the acreage at 646 Antioch Road, Bismarck, Arkansas (see Exhibit "G").

23. The Equipment was parked next to the Debtor's barn on the acreage and used in his farming business (see Exhibit "G").

24. The Debtor actually owned 535 head of cattle which he kept on his land on Antioch Road and his rented pasture land.

25. During the first three months of the case, the Trustee sold the cattle in Hot Spring County.

26. The Trustee then moved the Equipment from 646 Antioch Road in Bismarck, Arkansas to Hot Springs for a Trustee's auction. The equipment sold for $33,600.00 at auction.

27. The Debtor operated Capitol Home Sales in Arkadelphia, Arkansas. Its address was on Highway 67 North. Capitol Home Sales' address was changed to 111 Valley, Arkadelphia, Arkansas for EMS purposes. See Exhibit "H."

28. At the time Defendant approved and accepted Debtors' credit application, Defendant was unaware that 111 Valley, Arkadelphia and Highway 67 North, Arkadelphia were the same physical location.

29. Elk Horn Bank and Firstar Bank, N.A. are unsecured creditors with allowed claims in this case.

## II. *Conclusions of Law.*

The issue in this case is whether Equipment Dealers properly perfected its security interest in the New Holland TS110 Tractor and Bush Hog Front–End Loader (the "Equipment"), purchased by Debtors from Hot Springs Ford Equipment, Inc. Eleven U.S.C. § 544, referred to by many courts as the "strong arm clause," allows the trustee in bankruptcy to "cut off unperfected security interests." *Meeks v. First Bank of South Arkansas (In re Tracy's Flowers and Gifts, Inc.)*, 264 B.R. 1, 3 (Bankr.E.D.Ark.2001). If a creditor's security interest in collateral is not perfected on the date the bankruptcy petition is filed, the trustee's rights in the collateral are superior to the rights of the creditor. *Id.*

Bankruptcy courts determine the nature and extent of property interests based on state law. *Id.* Whether Equipment Dealer's security interest in the Equipment is perfected is thus a question of Arkansas law. *Id.* At the time Equipment Dealers filed the financing statement at issue in this case,[1] Arkansas Code Annotated § 4–9–401(1)(a) required that financing statements on farm equipment be filed with the circuit clerk in the "county of the debtor's residence." A financing statement filed in the wrong county was unperfected and thus avoidable by a trustee in bankruptcy.

The parties have stipulated that the loan application submitted to Equipment Dealers by Debtor Randy W. Davis on May 22, 1999 states that his address was in Clark County, Arkansas. The parties have also stipulated that Debtors have lived in Hot Springs County, Arkansas, since at least 1998, and that the address provided on the loan application was the address of Capitol Home Sales, Debtors Randy W. Davis's business. Under Arkansas law, in order to perfect its lien, Equipment Dealers was required to file the financing statement in Hot Springs County, Arkansas, the county of Debtors' residence. However, the parties have stipulated that Equipment Dealers filed a financing statement in Clark County, Arkansas.

Equipment Dealers argues that it filed the financing statement in the incorrect county in good faith, due to misrepresentations by Debtor Randy W. Davis on the loan application. The Trustee contends that 11 U.S.C. § 544 insulates a trustee in bankruptcy from good faith defenses.

The parties have not cited, and the Court has not found, any cases in this jurisdiction analyzing the issue of whether a creditor who files a financing statement in the incorrect county due to incorrect information provided by a debtor may assert a good faith defense against the avoiding powers of a trustee in bankruptcy. In the absence of any binding precedent, the Court finds persuasive the opinion of the United States Bankruptcy Court for the Western District of Kentucky in *In re Towery*, 53 B.R. 76 (Bankr.W.D.Ky.1985). In *Towery*, the court stated that although a good faith defense may be effective as between the debtor and creditor in a non-bankruptcy context, the trustee in bankruptcy is "insulated against the good-faith exception and would easily prevail against an improperly perfected creditor." *Id.* at 78. The *Towery* holding is consistent with the principle that "the whole point of granting the trustee the rights of a 'hypo-

---

1. The Arkansas General Assembly adopted substantial revisions to Article 9 of the Uniform Commercial Code subsequent to the filing of this case. The Article 9 revisions are not retroactive. Consequently, this case will be decided under prior law, and all citations to the Arkansas Code contained herein are to the prior version of Article 9.

thetical' creditor is to avoid binding the trustee by particular representations that may have been made by debtor." *In re Sports Enterprises, Inc.*, 38 B.R. 282, 283 (Bankr.D.N.H.1984).

The Court holds that Equipment Dealer's lien in the Equipment was not properly perfected by filing in the county of Debtors' residence. Equipment Dealers is not entitled to assert a good faith exception against the Trustee. Therefore, Equipment Dealer's lien is hereby AVOIDED by the Trustee pursuant to 11 U.S.C. § 544.

IT IS SO ORDERED.